UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 95-cr-40013-JPG-001 |
| BESSIE M. OLIVER, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Bessie Oliver's Motion to Reconsider Imposition of a Term of Supervised Release (Doc. 501). She seeks to vacate the Court's Amended Order Granting Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 498). In that order, the Court reduced Oliver's term of imprisonment <u>and</u> added terms of supervised release on Counts 1, 25 and 26. While Oliver takes no issue with the reduction in the terms of her imprisonment, she believes the Court had no authority to add supervised release.

Oliver's original sentence, which included a life sentence, did not include a terms of supervised release for any count because the Court envisioned Oliver's remaining in prison for the rest of her life. At the time of the amended reduction order, the Court believed that since Oliver would be released from prison at some point because of her sentence reduction, terms of supervised release were required by statute. *See* 18 U.S.C. § 3583(a); 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(C); 21 U.S.C. § 859. Oliver now asks the Court to vacate the terms of supervised release in the amended reduction order on the grounds that 18 U.S.C. § 3582(c)(2) authorizes a reduction *in the term of imprisonment* but not *the imposition of supervised release*: "[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute. . . ." Furthermore, 18 U.S.C. § 3582(c)(2) does not authorize a full resentencing when a

guideline amendment is applied retroactively.  *See Dillon v. United States*, 560 U.S. 817, 825 (2010) ("By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission.").  The Government concedes that Oliver's position is correct.  The Court has reviewed the motion and also finds, for the reasons stated therein, that Oliver is correct.

Accordingly, the Court:

- **GRANTS** Oliver's Motion to Reconsider Imposition of a Term of Supervised Release (Doc. 501);

- **VACATES** the Amended Order Granting Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 498);

- **REINSTATES** the Order Granting Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 497), which reflects the reduction in the terms of imprisonment the Court intended to grant without the addition of supervised release; and

- **DIRECTS** the Clerk of Court to send a copy of this order and a copy of the reinstated Order Granting Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 497) to the United States Marshals Service.

**IT IS SO ORDERED.**
**DATED:   October 6, 2015**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**